## WHITSETT V. CLAYTON ET AL.

1.   Where an agreement is entered into between a creditor and his debtor, the terms of which are that the debtor is to execute a new promise with a surety, in a smaller sum, payable at a future day, the creditor agreeing to accept the new promise in satisfaction of the old one, the surety to be sufficient, and the new promise being executed and tendered and the tender kept good; *Held*, that such performance and tender constitute a bar to the action on the original demand.

2.   Where a defendant puts in no general denial or other defense based upon the facts as they existed at the commencement of the suit, but sets up as a defense matters subsequently occurring, he is not required to plead by leave of the court by supplemental answer, under the Code. Sec. 74, and amendments of 1879, p. 216, Sec. 3, are inapplicable to such case.

*Appeal from District Court of Arapahoe County.*

THE case is stated in the opinion.

Messrs. WELLS, SMITH & MASON, for appellant.

Mr. W. B. MILLS, for appellees.

BECK, J.   The record in this case presents a question of accord and satisfaction, which arises upon a demurrer to the amended answer.

The action is upon a promissory note executed by the appellant to the appellee, for the sum of $2,378.42, bearing date July 24, 1874, payable one month after date, with interest at 1-12 per cent. per month from date until paid. Suit was instituted thereon October 17, 1879.

The amended answer sets up as a defense to the whole cause of action, except the sum of one dollar, an agreement entered into between the plaintiffs and defendant on or about the 26th of October, 1879, that defendant was to procure one Emma C. Whitsett to execute with him a new note in the sum of $2,500, payable to plaintiffs one year after date, which note plaintiffs were to accept in full satisfaction and discharge of the note sued on, provided it should be ascertained upon investigation

by plaintiff's counsel, that the said Emma C. Whitsett was solvent and responsible for the amount of the new note. The plea alleges that it was ascertained upon investigation by plaintiff's counsel, that the said Emma C. Whitsett was solvent and responsible for said amount, and that she was in fact solvent and responsible for such amount; that the note was executed in accordance with the terms of the agreement, and offered to be delivered to plaintiffs, and the defendant brings said note into court, and offers to deliver the same to the plaintiffs, as the court shall direct.

A demurrer was sustained to this answer, on the ground that it presented no defense to the action. No objection is raised to the form of the plea, or the sufficiency of the tender, but the ground of the objection is, that the alleged accord, although performed on the part of the defendant, yet the performance not having been accepted by the plaintiffs, remains executory, and was not a satisfaction of the original claim.

The question to be considered is in case of a demand due, where an agreement is entered into between the creditor and his debtor, the terms of which are, that the debtor is to execute a new promise with a surety, at a future day, in a smaller sum payable in one year, the creditor agreeing to accept the new promise in satisfaction of the old one, provided he ascertains the surety to be sufficient (which upon inquiry he ascertains to be the fact), and the new promise is accordingly executed and tendered in pursuance of the agreement, the tender being kept good, whether such performance and tender constitute a bar to the action on the original demand.

That such an agreement contains all the elements of a valid and binding contract, cannot be seriously questioned. It is an agreement with mutual promises, rests upon a sufficient consideration, and is not within the Statute of Frauds. It is beneficial to both contracting parties. The debtor obtains a reduction of his debt, and an extension of time for payment. The creditor obtains surety for the amount of the demand agreed upon. 1 Smith's Leading Cases, *444; *Billings* v.

*Vanderbeck*, 23 Barb. 546; *Kellogg* v. *Richards*, 14 Wend. 118.

It would seem, upon the principle of the obligation of contracts, as well as upon the principles of equity and good conscience, and in order to avoid circuity of action, that the performance of the accord by the debtor, ought to operate as a satisfaction.

We have been cited to several cases, however, wherein the point arose, which hold that such performance is no bar to a suit upon the original claim, and to several other cases announcing the same doctrine, but turning upon some other point, and therefore not necessarily involving an investigation of this precise question.

These cases hold that it is not enough that the contract be obligatory upon both parties, and that the debtor has executed it upon his part, nothing remaining but an acceptance on part of the creditor of the matter or thing which he agreed to receive in satisfaction; that the creditor may refuse to accept the thing agreed upon, and proceed upon the original indebtedness, leaving the debtor to his remedy by action for damages against the other party for the violation of his agreement.

This line of authorities carries the doctrine to a still greater extent, holding, that if by the terms of the new agreement the payment thereby stipulated is to be made in installments at stated times, and when completed shall constitute a satisfaction, the creditor may receive all installments without objection or notice, until the last one is tendered, and may refuse to receive the last installment in satisfaction, and proceed upon the original account; that in such case he is only required to give credit for the payments made, as if made upon the original indebtedness.

The authorities in point which sustain this doctrine, are: *Russell* v. *Lytle*, 6 Wend. 390; *Hawley* v. *Foote*, 19 Wend. 516; *Kremer* v. *Heim*, 75 N. Y. 574; *Tilton* v. *Alcott*, 16 Barb. 598.

The following cases cite approvingly the doctrine that performance of the accord on part of the debtor constitutes no defense to an action upon the old debt, but the decisions do not rest upon this ground.

*Brooklyn Bank* v. *De Gramo*, 23 Wend. 342, holds that no definite agreement between the parties was proved; that the tender was defective, and if sufficient, it could not avail the defendant because he did not keep it good, but destroyed the securities tendered.

In *Frost* v. *Johnson*, 8 Ohio St. 393, one of the conditions of the accord was the payment of a sum of money by a certain date, but the plea neither avers payment or tender of the money.

In *Young* v. *Jones*, 64 Me. 279, the agreement was to receive from the debtor a smaller amount than that due upon his draft, and the draft was to be then transferred to a third person. There was no consideration to support the accord; the sum to be paid was not to be a payment of the draft, for that was to be afterwards assigned, and the court say the tender, if made, cannot avail, as it was not brought into court.

*White* v. *Gray*, 68 Me. 579, turned upon a failure on part of the debtor to perform the accord. Neither the notes nor the deed for the land which were to be received in satisfaction were ever made or tendered.

The question in the case, and the point considered in *Overton* v. *Conner*, 50 Texas, 113, was whether the court below erred in refusing to submit to the jury the inquiry, what became of the property taken in satisfaction after it was received, and whether or not the plaintiff received the benefit of the same.

*Smith* v. *Keels*, 15 Rich. S. C. 318, turned upon the sufficiency of the tender. The plaintiff had agreed to take in payment of the note, eight per cent. confederate bonds. The bonds tendered amounted to more than the principal and interest due on the note, and the defendant refused to deliver them unless the plaintiff would pay the difference in money, which

he declined to do. The tender was adjudged to have been defective.

*Pettis* v. *Ray*, 12 R. I. 344, was held to show merely the readiness on the part of a stranger to the accord to perform it, if the creditor would put it in his power by conveying the mortgaged estate to him. The court said no case went to this extent. It was likewise held that, as a distinct contract available under the plea of equitable defense, the accord was within the Statute of Frauds.

The opinion in *Hearn* v. *Kiehl*, 38 Pa. St. 147, shows that in the view of the court there was neither performance on part of the debtor, nor any act done by him, which amounted to a tender of performance, the alleged tender not being made to the creditor, nor to one authorized to accept it.

In *Keen* v. *Vaughn's Ex'rs*, 48 Pa. St. 477, there was no consideration to support the accord. It was simply an agreement to accept $300, in satisfaction of a judgment of $1,356.60.

If *Blackburn* v. *Ormsby*, 41 Pa. St. 97, is an authority in point, it favors the opposite doctrine. The accord was that the debtor was to secure his notes by a mortgage on real estate, and to execute a note for extra interest. Thereupon the debtor was to extend the time of payment of all notes two years. The court held the agreement to be good and to be supported by a sufficient consideration, but that the plea did not specifically aver a tender of the note and mortgage. "Nothing is wanting," observed Judge Woodward, "to make it conclude the plaintiff, except the tender of a sufficient note and mortgage. * * * If he tendered the note and mortgage, why did he not say so?" The court remarked, however, that the defense would be available, not by way of accord and satisfaction, but as showing that at the institution of the suit the plaintiff had no legal right of action.

The case of *Coit* v. *Houston*, 3 John's. Cases, 243, is frequently cited upon both sides of the question. It is reconciled with other New York cases, upon the view that the question involved was one of evidence and not of pleading, and

Whitsett v. Clayton et al.

that there was evidence from which the jury might infer a delivery and acceptance of the coal which was to constitute the satisfaction. That the judges considered the question of tender, however, a few quotations from the opinions will show, and will also show what were their views upon the question.

THOMPSON J., said: "Although I do not think it necessary, for the purpose of determining the present question, to say that in all cases a tender and refusal shall be equivalent to an actual acceptance, yet I think it a rule founded in good sense, and one that is not contradicted by the general tenor of the authorities."

LIVINGSTON, J., said: "Such a tender of performance of a valid agreement ought to be equivalent to performance in order to avoid circuity of action. To enforce payment of the note, in spite of the agreement and tender, would be unreasonable, and the law does not permit it.

RADCLIFFE, J., said: "I also agree that in relation to the parties, and for the purpose of effectuating this contract, a tender and refusal would be equivalent to an actual performance, etc."

KENT, J., said: "I think this case may be decided upon this single point, whether there was evidence of a satisfaction received, or performance tendered sufficient to warrant a verdict."

Similar views are expressed by Parsons and Story, in their works upon Contracts. Mr. Parsons, in treating of accord and satisfaction, says: "The party holding the claim may agree to take a new promise of the other in satisfaction of it; or he may agree to receive a new undertaking when the same shall be executed, as a satisfaction. In either case he will be held to his bargain, and only to that." 2 Pars. Cont. 681.

In speaking of promises performable at a future day, he makes a distinction between those which are supported by a new consideration, and those which are not. The former he

denominates as valid and binding, and says their effect is to suspend the original right of action until the day comes. If the promise is then duly performed, this right of action is destroyed, ortherwise, it revives (*supra*, 683). If this is correct doctrine, it necessarily follows that the debtor has the right to perform his promise when the day comes, and to avail himself of such performance, since the law never requires a useless thing to be done. Unless the debtor has this right, why stay the action until the day arrives? Mr. Story says: "Whether an accord with an unaccepted tender of satisfaction be a sufficient defense does not seem to be settled. If the accord be to accept a lesser sum than the debt in satisfaction of it, there must be an actual acceptance in order to constitute a defense to the debt, and a mere tender is insufficient. Thus, an agreement by creditors to accept five shillings sixpence in the pound, in full satisfaction of their claims, was held to create no bar to an action for the full debt, there being no consideration to support the agreement. But where there is a sufficient consideration *to support the agreement*, it seems that a tender, though unaccepted, would be a bar to an action. So also, where a different mode of payment from that reserved by the original claim is substituted for it by agreement, a tender according to such agreement will be sufficient if it appear to have been a complete satisfaction." Story on Conts. Sec. 982b.

. Mr. Addison says: "If the act covenanted or agreed to be done by one party cannot be completed without the concurrence of the party for whom it is to be done, the former must do all that he can do without such concurrence to complete the act, and if he does this he does what is equivalent in law to actual performance." And again: "It is a principle of law that he who prevents a thing from being done shall not avail himself of the non-performance which he has himself occasioned." Addison on Conts. Secs. 325, 326.

It has been held that an agreement upon the one part to pay on a future day certain, and upon the other part to accept in full satisfaction, if payment be made on such day, a sum of

money less than the demand due, is a valid agreement if supported by a new consideration as security for the payment; that in such case the contract is binding according to its import, and when the day of payment arrives, if the payment is prevented by the wrong of the creditor, a tender will be equivalent to performance. (*Jenness* v. *Lane*, 26 Me. 475.) No difference in principle is perceived between such an agreement and an agreement supported by a new consideration to discharge the original debt in any other manner at a future day. The case of *Coit* v. *Houstin, supra*, supports the view that the same rule of decision would obtain if the agreement was to discharge the claim by a delivery of property at a future day, and it would seem that an agreement to execute and deliver a new contract with a surety should be construed in the same manner and governed by the same rule.

The language employed by Judge Redfield in *Babcock* v. *Hawkins*, 23 Vt. 561, seems peculiarly applicable to such cases: "The accord is sufficiently executed when all is done which the party agrees to accept in satisfaction of the pre-existing obligation. * * * * All that is required is that the debtor should have executed the new contract to that point where it was to operate as satisfaction of the pre-existing liability in the present tense."

The rule that there must be an acceptance in such case, as well as performance, appears to me to be inequitable. It is said that the rule that payment of a less sum of money, though agreed to be received in full satisfaction of a debt exceeding that amount, shall not be so considered in contemplation of law, is technical, and not very well supported by reason: *Kellogg* v. *Richards*, 14 Wend. 116; but in the cases above supposed, it would certainly be more purely technical and less reasonable that the performance of the agreement must be accepted to constitute a defense, for the creditor has by a valid agreement bound himself in advance that he will accept the performance. The rule of law in respect to other agreements requires both contracting parties to abide by and perform their

contracts. Why should not the same principle control agreements of this character?

I have searched the authorities diligently, but in vain, for a satisfactory reason for the rule which permits a creditor to reject the accord after it has been performed by his debtor, and to maintain his original action. The only reason advanced appears to be that "a contrary rule would overthrow all the books." I think the old maxim applies "*Cessante ratione legis, cessat ipsa lex.*" If no better reason can be assigned for a rule so technical and unreasonable, would it not be better that the books be overthrown, and that there be established in the language of Judge Livingston, " a rule founded in good sense." But, as already shown, such a rule as here contended for, has often been recognized. It is not a new doctrine, but one only in respect to which authorities differ. It was applied by Lord Ellenborough in *Bradley* v. *Gregory*, 2 Camp 383, a case very similar to the one now before us. A debtor compromised with all of his creditors but the plaintiff, at 10s. in the pound, part of that amount to be secured by the acceptances of a third party, and the balance by his own notes, the creditors agreeing to execute a composition deed containing a clause of release. The plaintiff, being applied to, agreed to accept the composition, and to execute the release; but the bills and notes being tendered, he declined to accept them, and to execute the deed. Thereupon he sued upon the original demand, and the agreement for composition was pleaded as a defense. The learned judge held the agreement to operate as a satisfaction, on the ground that it was supported by a good consideration, and that the plaintiff had undertaken to accept the bills and notes in satisfaction of his demand.

In answer to the objection that the agreement was executory, and therefore no bar, the judge said the agreement was executed; that everything on the defendant's part had been performed, and so far as depended upon him, there had been satisfaction as well as accord. The decision of this case was not based upon the exception referred to in some of the authorities;

*Kromer* v. *Heim*, 75 N. Y. 574, for example, as being allowed in the case of composition deeds, as in the case of *Good* v. *Cheeseman*, 2 B. & A. 335, and *Bayley* v. *Homan*, 3 Bing. (N. C.) 915. The plaintiff had not signed the composition, and refused to do so. He had done simply what the plaintiffs in the case at bar are said to have done, viz.: he agreed to accept the composition to discharge the original claim, and then refused to comply with his agreement. The defendant, on the contrary, did just what the defendant Whitsett claims to have done—he complied in all things with the terms of the accord upon his part. This was what Judge Washington said the defendant should have done in *Latopee* v. *Pecholier*, 2 Wash. C. C. 180, and what Judge Redfield declared to be a sufficient execution of the accord in *Babcock* v. *Hawkins*, 23 Vt. 561.

This rule is supported both by reason and authority, and is, in my judgment, the better doctrine. It is sustained also by the following additional authorities: *Christie* v. *Craige*, 20 Pa. St. 430; *Bradshaw* v. *Davis*, 12 Texas, 336; *Hearn* v. *Curran*, 11 S. & M. 361; *Jones* v. *Perkins*, 29 Miss. 142.

The other rule considered with reference to its application to the facts set up in the plea under consideration is inequitable, tends to produce circuity of action, to impair the obligation of contracts, and to enable parties to take advantage of their own wrongful acts. For these reasons I deem it inapplicable to the alleged facts of this case.

It is a common occurrence, owing to the hazards which attend business enterprises, and the constant fluctuations in the values of property, for business men to become involved in debt so as to be unable to meet their obligations at maturity. In such cases a new agreement reducing the debt and extending the time of payment, in consideration of security, is often a benefit to both debtor and creditor. By this means the sacrifice of the debtor's estate by expensive litigation and forced sales is prevented, and he is afforded an opportunity to retrieve his fortunes.

The benefit of the security to the creditor is of an equivalent

for the discount given.    Such an agreement when fairly made, is a legitimate transaction, and is said to be favored by the courts.    It is supported by a good consideration, and I am of opinion that when the debtor has fully performed the agreement for composition upon his part by preparing and executing the new securities, and causing the same to be executed by the person or persons agreed upon, a sufficient tender of the same to the creditor, if the tender be kept good, should operate as a satisfaction of the original debt.    If the alleged facts are untrue, or if the consideration for the accord has failed prior to the tender, by reason of the insolvency of the proposed surety or otherwise, such facts can be replied to the plea.

In respect to the question of practice raised by the demurrer, that the facts set forth in the plea were only pleadable by way of supplemental answer, by leave of the court, it is my opinion that the rule suggested is inapplicable to this case.

The form of the plea is subject to criticism, but as no question of this character is raised in respect to it, it is only necessary to observe that a plea of tender of securities should leave no doubt that the securities were present at the time of the offer to deliver, so that the party to whom they were offered not only knew of their existence, but had an opportunity to inspect them.    There should be a specific averment that the securities were tendered.    *Blackburn* v. *Ormsby*, 41 Pa. St. 97.

The court erred in sustaining the demurrer to the amended answer, and for this error the judgment must be reversed, and the cause remanded.

*Judgment reversed.*