## STANDARD CHEMICAL & OIL CO. v. N. P. SLOAN CO.

(Circuit Court of Appeals, Fifth Circuit. November 4, 1920.)

No. 3476.

1. **Associations ☜14—Sale contract held subject to rule fixing percentage of estimated output.**

   A contract between two members of a voluntary association for the sale of the season's output of the seller, estimated at a stated quantity, is subject to the rule of the association that the seller is required to deliver at least 85 per cent. of the estimate, where the contract did not contain an express exception from that rule, as required by another rule of the association permitting specific written contracts at stated special conditions.

2. **Accord and satisfaction ☜21—Unexecuted accord does not bar recovery.**

   A plea of accord and satisfaction does not bar recovery for failure to deliver the quantity of goods sold, where the defendant's own testimony that plaintiff agreed to accept a specified shipment in full satisfaction of its demands also showed that the goods in that shipment were rejected by plaintiff, with defendant's acquiescence, because of their condition.

3. **Arbitration and award ☜82(5)—Accord and satisfaction, not presented to arbitrators, no defense to award.**

   A plea of accord and satisfaction is not a defense to counts based on an award by arbitrators, where the defendant had neglected its opportunity to present that defense to the arbitrators.

4. **Arbitration and award ☜16(4)—Agreement not revoked, unless notice is given arbitrators.**

   An agreement for arbitration, even if revocable by act of the parties, is not revoked, unless there is notice thereof to the arbitrators; defendant's failure to sign the submission not being sufficient.

5. **Arbitration and award ☜57—Award by weight not beyond submission as to number of bales.**

   Where the question submitted to the arbitrators was whether the seller should deliver a stated number of bales to the buyer, an award fixing the number of pounds which should have been delivered according to the average weight of the bales is not beyond the submission.

6. **Arbitration and award ☜60—Award held not uncertain, because quantity already delivered was not stated.**

   An award finding that the seller should have delivered a specified quantity under its contract, but stating that the amount delivered was not shown before the arbitrators, but could be determined by the parties and deducted from the amount which should have been delivered, to ascertain the amount yet to be delivered, is not invalid for uncertainty.

7. **Appeal and error ☜1073(7)—Verdict on award not excessive, where evidence authorized larger verdict on contract.**

   A verdict and judgment based on an award by arbitrators cannot be held excessive, where the evidence was ample to sustain a verdict and judgment on a count for damages for breach of contract, the amount of which would have been larger than the judgment rendered.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Action by the N. P. Sloan Company against the Standard Chemical & Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 256 Fed. 451, 167 C. C. A. 579.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Fred S. Ball and E. R. Beckwith, both of Montgomery, Ala., for plaintiff in error.

John London and George W. Yancey, both of Birmingham, Ala., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The basis of this suit is a contract evidenced by the following letter and acceptance:

"N. P. Sloan Company, Cotton and Cotton Linters.

"No. 101.                                          Philadelphia, Pa., 6/23/15.

"Confirmation of Purchase from Standard Chemical & Oil Co., Troy, Ala.

"Gentlemen: We confirm the following purchase made this day from you:
"Quantity—Next season's production of linters estimated 2,000 bales.
"Product—Linters.
"Quality—Clean average mill runs.
"Price—3c. f. o. b. Troy.
"Terms—Sight draft bill of lading attached.
"Delivery—100 and 200 bale lots as produced.
"Special—Linters to be packed in bales not to exceed 27" x 54" and not to weight more than 550 pounds or less than 400 pounds.

"Any difference between buyer and seller, which cannot be settled direct, shall be settled by arbitration at Dallas in accordance with the rules and regulations of Interstate Seed Crushers' Association.

                                    "N. P. Sloan Company,
                                    "By W. H. Dunn, Secy.

"Accepted: Standard Chemical & Oil Co.,
            "By Frank L. Jones, Manager."

The plaintiff in error, Standard Chemical & Oil Company (herein called the defendant), delivered to defendant in error, N. P. Sloan Company (herein called plaintiff), 1,324 bales of cotton linters, and claimed full compliance with its obligations under the contract, because it delivered its entire season's production. On the other hand, plaintiff claims it was entitled to 1,700 bales, or 85 per cent. of the contract estimate of 2,000 bales.

In August, 1916, plaintiff bought the 376 bales representing the difference in controversy, and paid 8¼ cents per pound. It was admitted at the trial that plaintiff lost the difference of 5¼ cents per pound. In the years 1915 and 1916 the parties were members of a voluntary association called the Interstate Cotton Seed Crushers' Association. In the seventh count plaintiff sued for damages for breach of contract, alleging the advance in price of the linters and the consequent loss to it, and pleaded the following rules of the association:

"Rule 38. All transactions in cotton seed products among the members of this association shall be governed by the above rules, but nothing herein contained shall be construed as interfering in any way with the rights of members to enter into specific written contracts stating special conditions. Either party to a trade may demand a formal written contract as soon as the trade is completed. Such contracts, unless specially excepted, being subject to all the rules of this association."

"Rule 15, Section 3. When a sale is made of season's or balance of season's output of linters, the seller must ship and the buyer must receive all the linters seller makes to the end of the season: Provided, that when estimated number of bales is stated in contract, or in confirmation of sale or purchase, the buy-

er may demand and seller must ship, or may ship whether demanded or not, 15 per cent. in excess of estimated quantity, if he makes a sufficient number of bales to enable him to do so, and buyer must receive and pay for same at contract price. Should seller not make the quantity estimated, he shall deliver the number of bales made, and shipment of 85 per cent. of the estimated quantity shall be deemed a fulfillment of the contract. The limitation of each season shall be the 31st of July, so that each season's output of linters shall include everything made up to July 31st."

In the eighth and ninth counts plaintiff sued on an arbitration and award, and pleaded the following rules of the association:

"Rule 36. Section 1. In case of differences between members of this association concerning transactions in cotton seed products that cannot be amicably adjusted promptly, same shall be settled by arbitration upon the application of either, and the secretary shall call such arbitration at such places as he sees best, promptly upon notice of such request. And it is fully understood and agreed by and between the members of this Association that any award of any of the regular arbitration committees of this association made under these rules, whether such arbitration is held by agreement or 'ex parte,' shall be binding upon all the parties affected thereby," etc.

"Rule 36. Section 7. Should a member fail or refuse to submit to the demand of another member for arbitration or delay or obstruct such demands for five days after proper notice, the chairman of the permanent committee on arbitration, upon receipt of such complaint, shall proceed at once to satisfy himself as to the facts, and, these being satisfactory, shall immediately proceed with the arbitration ex parte, and the decision so rendered shall be of full force and effect, the complainant to pay the ex parte fee, adding the amount to the award of the committee, if in his favor."

The defendant pleaded specially to the seventh count the provision, in rule 38 above quoted, that the parties might make special contracts. A replication was filed to this plea, to the effect that no exception was stated in the contract sued on. The defendant also pleaded by way of accord and satisfaction to all of the counts of the declaration that it had delivered to plaintiff 213 bales of linters of a grade not covered by the contract, to which plaintiff was not entitled, upon agreement that they would be accepted in full compliance with the contract, and in settlement and satisfaction of the differences between the parties, and also pleaded separately to the eighth and ninth counts that at the time of the arbitration there were no matters of difference between the parties.

There were no disputed questions of fact, except upon the question of accord and satisfaction. It was either admitted or shown by the uncontradicted evidence that the arbitration was had in accordance with the rules of the association. The defendant did not sign the letter of submission, but it received it, and had due notice of the arbitration, which proceeded ex parte. The letter of submission contains the following:

"This article of agreement, made and entered into this the 4th day of August, A. D. 1916, witnesseth:

"That, whereas, differences and controversies are now existing and pending between N. P. Sloan Company, Philadelphia, Pa., and Standard Chemical & Oil Co., Troy, Ala., in relation to completion of contract for linters as per original contract attached.

"The question to be decided by the arbitration:

"Whether Standard Chemical & Oil Company shall pay N. P. Sloan Company loss incurred in replacing 376 bales of linters, balance due on contract as per proof submitted."

The following award resulted:

"The Interstate Cotton Seed Crushers' Association.

"Dallas, Texas, August 28, 1916.

"N. P. Sloan Co., Philadelphia, Pa., v. Standard Chemical & Oil Co., Troy, Alabama. (Ex Parte.)

"The question to be decided by the arbitration: 'Whether Standard Chemical & Oil Company shall pay the N. P. Sloan Company loss incurred in replacing 376 bales of linters, balance due on contract as per proof submitted.'

"The verdict of the committee is that for the fulfillment of this contract the Standard Chemical & Oil Company should deliver to the N. P. Sloan Company a minimum quantity of 1,700 bales of linters, of an average weight of 475 pounds per bale, or 807,500 pounds, of three cents (3c.) per pound.

"There is no evidence presented to the committee as to the quantity actually delivered, but this is known to buyer and seller, and deducting this quantity from the 807,500 pounds will give the pounds still due, and the purchase of the N. P. Sloan Company, against the deficiency claimed establishing the price the Standard Chemical & Oil Company should pay the N. P. Sloan Company, an amount equal this deficient number of pounds, at the price delivered New York, less the freight from Troy, Ala., and the contract price.

"Costs of this arbitration to be paid by the N. P. Sloan Company, and included in their claim against the Standard Chemical & Oil Company.

".P. G. Claiborne, Chairman
"J. W. Allison,
"W. F. Pendleton,
"J. S. Le Clereq."

The 1,324 bales plaintiff received under the contract contained 657,814 pounds, leaving a deficiency, according to the award, of 149,686 pounds. The loss to plaintiff at 5¼ cents per pound was therefore $7,858.51, from which should be deducted the freight charges of $546.35, making the net loss $7,312.16. At the close of the evidence the court directed a verdict in favor of the plaintiff for this sum, with interest.

[1, 2] The defendant's plea to the effect that the contract was not subject to section 3 of rule 15 above quoted is not sustained, because there was no special exception, as required by rule 38. As to the seventh count there remains to be considered the plea of accord and satisfaction. The testimony of the defendant's manager was to the effect that an agent of the plaintiff demanded of the defendant the delivery of 213 bales of linters which were below the grade and quality provided in the contract, and that defendant would not agree to deliver the inferior grade, except in entire satisfaction of the contract; that the plaintiff agreed to take these inferior linters, called "hull fibers," if defendant would repick and put them in good condition. But the general manager of defendant testified that, after the linters were picked and repacked, "it rained, and they shipped them on to the compress, and when they got to the compress they were wet, and were compressed in that condition, which made them in pretty bad shape"; that after the "hull fibers" were shipped to Savannah plaintiff accepted only 86 bales, and that defendant, not only acquiesced in the rejection of the balance, but refunded to plaintiff the purchase price thereof. It

follows from defendant's own account of the transaction that there was no accord and satisfaction, because the accord was never executed. 1 R. C. L. 199. The seventh count was not demurred to, the pleas were affirmative ones, they were not proven, and plaintiff was entitled to recover for breach of the contract.

The eighth count, which was on the arbitration and award, does not differ materially from the fifth count. It omits the averment, contained in the fifth count, that the plaintiff bought the number of bales which the defendant failed to deliver, and it pleads in more detail the rules of the Association. This court held, when this case was before it on a former writ of error, that, though an agreement to arbitrate may not be binding because revocable, yet if the parties submit the controversy to arbitration, the award is binding, in the absence of fraud or other improper conduct on the part of the arbitrators, and the fifth count was held to state a good cause of action. 256 Fed. 451, 167 C. C. A. 579.

[3] The plea of accord and satisfaction, even if it had been proven, must fail as to the counts based upon the award; for the defendant neglected its opportunity to present that defense to the arbitrators. Brewer v. Bain, 60 Ala. 153; McJimsey v. Traverse, 1 Stew. 244, 18 Am. Dec. 43.

[4] Defendant contends that the agreement to arbitrate was revoked. It is true defendant failed to sign the submission, and declined to authorize the purchase of linters on its account; but that would not constitute a revocation. Revocation comes about by the act of the parties or by operation of law. It is not argued that there is any revocation here by operation of law, and before there could be revocation by the act of the parties, even if the claim of the defendant be conceded, there would have to be notice to the arbitrators. 2 R. C. L. 369; Williams v. Branning Mfg. Co., 153 N. C. 7, 68 S. E. 902, 31 L. R. A. (N. S.) 679, 138 Am. St. Rep. 637, 21 Ann. Cas. 954.

[5] It is objected again that the award went beyond the submission. The argument on that point is that the submission only authorized the arbitrators to decide whether the defendant should pay the plaintiff the loss incurred in replacing 376 bales of linters, and that the arbitrators under the submission should only have given an affirmative or negative answer. The award is reproduced above. Instead of speaking in terms of bales of linters, it deals in pounds, and fixes the average weight per bale.

[6] Again it is urged that the award is uncertain. The answer to that is: "Id certum est, quod certum reddi potest." It was agreed at the trial that defendant had failed to deliver 376 bales, if the contract required delivery of 1,700 bales.

[7] Objection was also made to the amount of the verdict. The verdict and judgment were based upon the award; but as we have already held, and as the court below held in its opinion, the evidence was ample to sustain a verdict and judgment on the count for damages for breach of contract. Indeed, the amount recoverable under the seventh count is larger than the judgment rendered. The plaintiff was

entitled to 376 more bales of cotton linters than it received, and at the minimum of 400 pounds per bale the loss would have been in excess of the amount recovered.

The judgment is affirmed.