## WIND v. ENGLAND WALTON & CO., Inc.

(Circuit Court of Appeals, First Circuit. February 13, 1923.)

No. 1592.

**1. Sales ⬳391(5)—Purchaser held entitled to recover price paid.**

Where purchaser of goods, after selling a small portion of them, returned the unsold part, because not conformable to contract, which the seller accepted, the buyer was entitled to recover the purchase price of the returned goods, notwithstanding the seller attempted replacement with other goods, which the seller also returned.

**2. Accord and satisfaction ⬳26(1)—Burden of proof held on defendant.**

In an action by purchaser to recover the purchase price of goods returned and accepted by seller, who depended on the defense of accord and satisfaction, the court erred in ruling that on such issue the burden was on plaintiff.

**3. Accord and satisfaction ⬳16—Instruction as to part performance by seller held improper.**

In an action by buyer to recover purchase price represented by part of goods returned to seller and accepted by him, where defendant depended on an accord and satisfaction by subsequent agreement of buyer to take other goods as a defense, the court erred in charging that, if the jury found such part performance by the defendant as to make it inequitable for the plaintiff thereafter to refuse compliance with the second agreement, the defendant might prevail; such instruction amounting to holding that an executory accord may acquire legal sufficiency by misnaming it an equitable defense.

**4. Accord and satisfaction ⬳23—New promise a defense to action on original promise.**

When parties agree that a new promise based on good consideration is itself but a satisfaction of a prior debt or duty, and is accepted in satisfaction, then it operates as such, and is a good defense to an action on the original debt or duty.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of Massachusetts; George F. Morris, Judge.

Action by Max Wind against England Walton & Co., Inc. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

Lee M. Friedman, of Boston, Mass. (Friedman & Atherton, of Boston, Mass., on the brief), for plaintiff in error.

George R. Nutter, of Boston, Mass. (Myer Israel and Dunbar, Nutter & McClennen, all of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. In July, 1919, the defendant sold to the plaintiff 52,295 pounds of Junaluska oak bellies at 38 cents per pound—an aggregate of $19,872.10. The bellies were delivered and fully paid for. It was apparently a closed transaction of goods sold, delivered, and paid for. Months later, after experience in trying to market the goods, plaintiff claimed that in quality they were not conformable to the contract of sale, and demanded that defendant take them back and rescind the bargain, except as to the 1,123 pounds which he had distributed during his selling attempts. After some negotiation, the balance of 51,172 pounds were returned to and, as is now admitted, accepted by the defendant. There remained neither sale nor contract of sale for these returned Junaluskas. Defendant retained, in spite of plaintiff's demand, the sum of $19,445.36, the purchase price paid for the returned bellies. So far, no fact of present legal significance is in dispute.

It is also undisputed that the defendant offered to replace the Junaluskas, pound for pound, with other bellies from its tannage, to be selected by the plaintiff, and that one carload of thirty (odd) thousand pounds of Schlossers was sent to plaintiff pursuant to this offer; that these Schlossers were promptly returned by plaintiff, who claimed they were of inferior quality; that he thereafter refused to accept any further bellies from the defendant's tannage, and again demanded the repayment of the money paid for the returned Junaluskas, $19,-445.36. The returned Schlossers were received by the defendant, treated as its own, and in part sold as its own. While defendant does not explicitly concede that, if title to the Schlossers ever vested in the plaintiff, it revested in the defendant, we think it clear that there is no evidence warranting any other conclusion. It follows that, if there ever was a sale by the defendant to the plaintiff of any Schlossers, that sale also was completely rescinded.

The defendant then offered to replace the returned Schlossers with other bellies, but refused to repay the money, and this suit was brought to recover it. We pass, as of no present concern, all possible questions as to interest, cartage, and profits as damages for a breach. We deal only with the case tried and argued—a suit to recover the purchase price of goods sold, delivered, and then returned and accepted.

[1] On this state of facts it is manifest that the plaintiff is entitled to recover back the purchase price of the returned Junaluskas, unless the defendant has pleaded and proved some defense. It is equally clear that no accord and satisfaction by way of agreed and accepted substitution of new bellies for the returned Junaluskas is either pleaded or proved.

The defendant pleads a general denial, payment, and a "replacement contract." It relies, as it must, on the last. Analyzing this plea in the light of the trial and of the argument before this court, it sets up nothing but an executory accord, and the defendant's readiness, and plaintiff's refusal, to perform it.

[2] At the trial the court, at the request of counsel, instructed the jury at length as to the defense of accord and satisfaction, but erred in ruling that on such issue the burden was on the plaintiff. 1 C. J. 572, 580, and cases cited; Grinnell v. Spink, 128 Mass. 25; Wheaton v. Nelson, 11 Gray (Mass.) 15; Powers v. Russell, 13 Pick. (Mass.) 69, 77; Hill v. Smith (Jan. 15, 1923) 43 Sup. Ct. 219, 67 L. Ed. ——; Smith v. Hill, 232 Mass. 188, 122 N. E. 310, 2 A. L. R. 1667.

[3] The judge also ruled correctly that an executory accord is no defense; that tender and part performance are not enough; that, until performance, an accord is revocable by either party; also "that in this case the agreement [accord] was not carried out." But in effect he nullified these instructions by ruling that, if the jury found such part performance by the defendant as to make it inequitable for the plaintiff thereafter to refuse compliance, the defendant might prevail. This was error. It amounts to holding that an executory accord may acquire legal sufficiency by misnaming it an equitable defense. The authorities do not sustain this proposition. White v. Beverly Bld'g Ass'n, 221 Mass. 15, 108 N. E. 921; New Haven, etc., R. R. v. Martin, 158 Mass. 313, 33 N. E. 578; Prest v. Cole, 183 Mass. 283, 285, 67 N. E. 246; Frankfurt-Barnett Co. v. William Prym Co., 237 Fed. 21, 150 C. C. A. 223, L. R. A. 1918A, 602; Standard Chemical & Oil Co. v. Sloan Co. (C. C. A.) 268 Fed. 225; Allen v. Harris, 1 Ld. Raym. 122; 3 Williston Contracts, §§ 1842–1845; Whitsett v. Clayton, 5 Colo. 476.

There must be a new trial.

The former trial was largely waste effort, because both in the pleadings and at the trial learned counsel on both sides failed adequately to narrow and clarify the real issues of the controversy. The result was that much of the time and attention of the court, jury, and counsel was absorbed in trying issues which were, or became, immaterial. Although as above stated, the sale of 51,172 pounds of Junaluskas was by agreement of the parties rescinded, so that that part of the controversy was closed, nevertheless the trial was largely devoted to evidence on the queston as to whether the original bargain for Junaluskas was a sale of designated goods, "as is," as the defendant claimed, or was a sale of No. 1 packer bellies, as the plaintiff claimed; whether the Junaluskas were No. 1 packers, or were of inferior quality; wheth-

er the plaintiff had seasonably tendered return; and also whether the sale could be rescinded by the return of only a part of the goods shipped—all immaterial issues, concerning which the court, through some five pages, instructed the jury on questions pressed upon the court by learned counsel on both sides.

[4] Before another trial the pleadings should be amended, at any rate to the extent that defendant should set up clearly and definitely any contract relied upon by it as a satisfaction of the debt otherwise due. Compare the procedure adopted in Plews v. Burrage (D. C.) 271 Fed. 727. We recognize the strength of the plaintiff's argument that, as the facts now appear on this record, such contract, if made, might be void for indefiniteness. But that question is not now before us. We cannot, on the present record, say that the defendant may not, by amended answer, bring itself within the principle that when the parties agree that a new promise, based on good consideration, shall itself be a satisfaction of a prior debt or duty, and is accepted in satisfaction, then it operates as such and is a good defense, nor that in no aspect of the situation can there be evidence warranting a jury in sustaining such defense. We cannot now say that a jury might not legally find that plaintiff agreed to accept a promise from the defendant to permit plaintiff to select from defendant's tannage 51,172 pounds of bellies as in and of itself a satisfaction of the debt due the plaintiff when the defendant took back the same amount of Junaluskas. That issue has not yet been pleaded or tried. 1 C. J. p. 567, and cases cited.

The judgment of the District Court is reversed, with costs to the plaintiff in error in this court, and the case is remanded to that court, with directions to set aside the verdict and for further proceedings not inconsistent with this opinion.