M'JIMSEY v. TRAVERSE.

After a submission of all demands, claims and matters in difference to arbitrators, and a final award, one of the parties cannot be relieved as to a claim which he forgot to lay before the arbitrators.

JUDGE WHITE delivered the opinion of the Court.

THE bill of M'Jimsey states that he and the defendant, Traverse, having been partners in trade, and wishing finally to settle the accounts between them, referred the settlement to the award and determination of three arbitrators; that the arbitrators made an award; that the complainant entirely forgot to lay before them a claim for $440, which he had paid to one Browning for the use of the firm. The bill prays for a decree for the money so paid, and for general relief.

Traverse, by his answer, admits the partnership, and the submission and award; that after the award, complainant told him that he had paid this sum of money to Browning, and that he had not laid his claim therefor before the arbitrators. The defendant denies that he acknowledged the claim and all knowledge of it, but from what complainant told him, and resists the application for relief.

It appears that mutual bonds of submission were given, the conditions of which were as comprehensive as words could make them, submitting all matters in difference, and all demands, suits, claims, &c. &c.

It will be unnecessary to notice the testimony taken in the case, as it has no bearing on the point on which our decision will be made.

The Circuit Court dismissed the bill, and we are now required to examine if there was error in this.

We are of opinion that, after a submission of all demands of the parties against each other, and an award thereon, the award is a conclusive bar to an action for any demand subsisting at the time of the submission and award, though the demand for which the action is brought was by mistake omitted to be laid before the arbitrators, and was not considered or decided on by them. The case of Wheeler and Van Howlen, [a] is a decision of high authority, precisely on this point. Between that

a 12 John. R. 311.

case and this we can discover no shade of difference in principle. There the same authorities were relied on as have been relied on here, for the plaintiff in error, and were shewn by the Court to be widely different in the principles they sustain, from that on which relief was prayed for, in this case and in that. The case referred to is so decisive, that we deem it unnecessary to refer to any other. We believe that none conflicting with it in principle can be found.

It is the unanimous opinion of the Court, that the judgement be affirmed.

JUDGE CRENSHAW not sitting.

BEENE, for plaintiff in error, cited authorities in support of the assignment of errors. [a]

GORDON, for defendant in error.