M'RAE *versus* BUCK, *et al.*

1. Chancery will not lend its aid to disturb an award, where the party making the application, has paid the amount awarded against him; and acquiesced in the award, for a period of five or six years.

2sp 155/
135  524

In error from Tuskaloosa Circuit court.

This suit was instituted on the chancery side of Tuskaloosa Circuit court, by McRae, to review a settlement of accounts, once existing between himself and the defendants in error, as joint owners of a barge. The matters of difference had been, some six years before the filing of the bill, submitted to arbitrators, who had made an award. The complainant alleged, as a ground for the relief of chancery,

that the arbitrators had committed a mistake as to the law of the case, by which an injury had ensued. The chancellor dismissed the bill, and from his decision the complainant brought the case before this court.

TAYLOR, J.—From the view which I take of this case, I consider it wholly unnecessary to enter into a general investigation of the merits.

The bill, which was filed 15th September, 1826, states, that in 1820, complainant and defendants were part owners of the barge Mary, of which complainant was the master; that differences arose between them, which were, late in that year, referrred to arbitrators; that an award was made, by which complainant was greatly injured, from a mistake of law made by the arbitrators; that complainant had freighted on said boat, goods, &c., for one Merritt, of Mobile, the freight of which amounted to upwards of five hundred dollars; that he took the note of Merritt for this freight, which would have been paid, but defendants gave Merritt notice not to pay it; that soon after, Merritt was burnt out and failed; that he endorsed the note to a mercantile firm in Tuscaloosa, which was indebted to Merritt, with the intention of securing the debt; but it was to be returned, if that object could not be effected; that it could not be effected, and the note was returned; that this note was submitted to the arbitrators, with the endorsement on it; that the arbitrators rejected it in their deliberations, under the mistaken opinion that, in law, the endorsement vested the entire interest in the note in the Tuskaloosa firm, and they were not authorised to notice it; that an award was thus rendered against

complainant, which he had paid; that, although so long a time had elapsed, from the date of the award before filing of the bill, yet he had never submitted to it, but had, all this time, been urging the defendants to do him justice, without a suit.

The bill was dismissed in the Circuit court for want of equity, on the ground, that the legal mis-take of the arbitrators did not appear on the face of the award, but was proved by evidence *aliunde.*

The doctrine which prevails in the courts of Virginia certainly is, that no award will be set aside, for any mistake which does not appear on the face of it; by an application either to law or chancery. In some other states, and in England, the mistake must appear on the face of the award, to authorise a court of law to vacate it; but a court of chancery will receive extrinsic evidence.[a]

I do not conceive, that either the case of *McJimsey* vs. *Traverse,*[b] or *Goodwin* vs. *Yarbrough,*[c] decided by this court, have any material bearing on this case.

It is certainly the doctrine in England, and several of the states of this union, that if it appear the arbitrators intended to decide according to law, and mistook the law, a court of chancery will interpose to set aside the award, although this fact is proved by other evidence than the award itself; and the reason given is, that the award is not such an one as the arbitrators thought it to be. I am far from being prepared to say that I would not sustain this doctrine.

But there are other objections to the bill, which I think, should prevent us from disturbing the decree which has been made below.

The bill states that the complainant has paid the sum awarded against him, and it appears that almost

[a] 3 East, 18
[b] 1 Stewart, 244.
[c] 1 idem, 152

six years' had elapsed from the time the award was made before the bill was filed. The complainant does not pretend to account for these facts, which, without explanation, go irresistably to show an affirmance of the award. It is true he states in the bill that he had always intended to resist the award, and had been waiting in the hope that the defendants would do him justice, and from the evidence it would seem that he had not actually paid any thing, the defendants having been in debt for freight to the full amount awarded in their favor on account of the profits of the barge. But the complainant can not be permitted by evidence to contradict the averments of his bill, which go to show a want of equity : this is a chancery maxim. Therefore, when the bill avers that he had paid the amount awarded against him, we must suppose he had done so, according to the effect of the award.

This chancery suit seems to have been an after thought, and for years the complainant appears to have rested on the award, without any intention of disturbing it. It would be extremely improper to encourage parties, who had submitted cases in this way, to disturb the proceedings, after the lapse of so long a time, that the arbitrators will in a great measure, have forgotten the circumstances: and many things may have occurred to prevent the whole of the facts from coming before the court ; and the testimony taken in this case, admonishes us to be extremely cautoius before taking such a step. Although we have the depositions of all the arbitrators, yet there is evidently a great want of that distinctness in detailing facts, even the one mainly relied on, the mistake of the

law, which should always be required before an a-ward is vacated.

I have searched the books with some industry, and I can find no case in which an award has been set aside after the parties have slept upon it so long, nor one after the amount awarded has been paid, or any act done clearly indicating that the party making the application, intended to abide by it. The bill in this case, taken in connection with the lapse of time before it was filed, satisfies me that such was the intention of the complainant when the award was made, and that such continued to be his intention for years afterwards.

It is my opinion that the decree should be affirmed; and of this opinion is the court.