## REYNOLDS *vs.* ROEBUCK.

[DETINUE FOR SLAVES.]

1. *Estoppel by performance of award.*—After an award has been ratified and fully executed, the parties are estopped, from asserting that it was not authorized by the submission.

APPEAL from the Circuit Court of Greene.
Tried before the Hon. WM. S. MUDD.

THIS action was brought by Mary Reynolds, against John Roebuck, to recover certain slaves, together with damages for their detention; and was commenced on the 14th November, 1859. The only plea was the general issue, "with leave to give any special matter in evidence." It appeared from the evidence adduced on the trial, as the bill of exceptions shows, that the plaintiff was the mother-in-law of the defendant, and, on the 22d May, 1850, executed to him a bill of sale for the slaves in controversy, which contained a stipulation, that the plaintiff was "to remain in the possession, and to have the use and control of the said slaves, until the time of her death, at which time the said John Roebuck is to take possession of them"; that in

March, 1859, the plaintiff. being about to remove from the
State, a controversy arose between her and the defendant,
respecting the right to the slaves, and certain matters of
account; that these matters were, on the 17th March, 1859,
submitted to arbitration; that the arbitrators rendered
their award on the next day, deciding that the defendant
was entitled to the immediate possession of the slaves, and
that the plaintiff was also indebted to him in the sum of.
$350 ; and that the parties immediately had a settlement:
on the basis of the award ; the plaintiff delivering up the
slaves to the defendant, and executing to him a deed for a
tract of. land, which he accepted in lieu of the $350
awarded to him.   The submission and award were in the
following words :

" Mary Reynolds     )     In this controversy, Mary Reynolds
          vs.            }  claims pay for boarding and taking.
   John Roebuck.     )   care of three children of. John Roe-
buck, for thirteen years, $1950 ; and for boarding and
washing for John Roebuck, for twenty-one years, $1050 ;
and for cattle sold by John Roebuck, and not accounted for,
$46 ; and for money paid for a saddle, for Mary Roebuck,
$16 ; and for meat sold by John Roebuck, and not ac-
counted for to her, $40 ; and for one-half of the proceeds
of the cotton crop for eighteen years.   And John Roebuck,
in this controversy, claims a negro woman, named Fanny,
and her five youngest children, Miles, Pinkney, Jane, Dol-
phus, and Nelly, for which he holds a bill of sale ; and he
claims pay for two houses, and other improvements, made
on Mary Reynolds' land.   And, as we, Mary Reynolds and
John Roebuck, cannot settle ourselves, we have this day
agreed to refer the whole matter to Thomas Colvin and
Ephraim T. Burton, as arbitrators ; and they are to choose
a third arbitrator, and conduct the arbitration agreeably to
the plan laid down in the Code of Alabama, sections 2709
to 2724 inclusive ; and the arbitrators are to have the bill
of sale, on which John Roebuck claims the slaves men-
tioned above, delivered to them, and they are to decide the
whole matter.   And we, Mary Reynolds and John Roe-

buck, hereby agree and bind ourselves to stand to the decision of the arbitrators ; and their decision is to be complied with immediately, and is to be final with regard to the whole matter. In testimony whereof," &c. (Dated the 17th March, 1859, and signed by both parties.)

"March 18, 1859. The parties, Mary Reynolds and John Roebuck, both of Greene county, Alabama, being present, waived the right to the three days notice mentioned in the Code, and announced themselves ready for trial ; and agreeably to the agreement submitted to us, we were to select a third arbitrator. We selected Thos. J. Wilkinson ; and after we, the arbitrators, being duly sworn as the law directs, the parties joined issue on the validity or invalidity of the bill of sale, and their claims generally ; and, after an impartial investigation, we determined, that the services rendered by the said John Roebuck have been a reasonable compensation for all the claims brought against him by the said Mary Reynolds. We further determine, that the bill of sale was given in good faith, and is valid ; and that the said John Roebuck is entitled to the said negroes claimed in the same, and to take possession of them forthwith. And we further determine, that the said Mary Reynolds shall pay to the said John Roebuck three hundred and fifty dollars, for his houses and other improvements made on her land. Given under our hands," &c. (Signed by the three arbitrators.)

The court charged the jury as follows :

" 1. That if they believed, from the evidence, that after the award was made, and a copy delivered to the parties, the plaintiff paid the defendant the amount awarded against her, and delivered the said slaves to him, and removed away with her other slaves, then the said acts of the plaintiff are circumstances from which the jury might infer a ratification of the award by the plaintiff ; and if they believed, from the evidence, that the parties ratified and executed said award, then the plaintiff would be bound by said award, and could not set up any right to the posses-

sion of the said slaves, if they were delivered by her to the defendant.

"2. That if they believed, from the evidence, that after the award was made, the parties acted upon and executed the terms of said award, and that the plaintiff delivered the said slaves to the defendant under said award, and removed away with her other slaves, leaving the defendant in possession of said slaves, then the award would be binding upon the plaintiff."

These charges, to which the plaintiff excepted, are now assigned as error.

- JAS. D. WEBB, and S. W. COCKRELL, for appellant.

WM. P. WEBB, contra.

R. W. WALKER, J.—If the bill of sale found in the record was the only evidence before the arbitrators, in support of the defendant's claim to the immediate possession of the slaves, it may be difficult to understand how it was that they awarded in his favor on that point. But the evidence before the arbitrators is not set out; and it does not appear that any effort was made on the trial to impeach the award for fraud or corruption on their part. Under these circumstances, there was no error in the charges of the court. For it is certainly the law, that parties who, after the making of an award, ratify and fully execute it, are bound by it, and are estopped from asserting that it was not authorized by the submission.—Williams v. Williams, 11 Sm. & M. 393; Culver v. Ashley, 19 Pick. 300; Tyler v. Stephens, 7 Geo. 278; Kunard v. Harris, 2 B. & Cr. 789.

Judgment affirmed.