# Yeatman *v.* Mattison.

### *Arbitration and Award.*

1. *An award may be as conclusive as a judgment.*—If the submission of matters to be arbitrated was regular, and the award responds to every material question submitted, it is as conclusive between the parties as a judgment of a court, until assailed and set aside.

2. *A defendant can not defeat an action upon a note by showing that the plaintiff obtained it from the payee without consideration.*—If pending a suit an arbitration is made, and in pursuance of the award the defendant at the request of the plaintiff, executes a promissory note to a third person, he can not, when sued on the note, defeat the action by showing no consideration passed between the plaintiff and payee; nor can he raise any question as to the application of the money due on the note to payment of attorney's fees of plaintiff's counsel in the original suit.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. W. L. WHITLOCK.

The plaintiff, Samuel Yeatman, brought suit to the fall term, 1872, of the Circuit Court of Calhoun county, against the defendant, George F. Mattison, to recover a sum of money due on a promissory note made by the defendant. To the complaint the defendant pleaded, in short, by consent, "*first,* failure of consideration; *second,* fraud; *third,* that the defendant made the note payable to the plaintiff at the request

[Yeatman v. Mattison.]

of W. T. Yeatman, and that no consideration for the note passed from the plaintiff to said W. T. Yeatman; and that the consideration for which the defendant made the note had failed." The plaintiff demurred to the said pleas, and the demurrer was overruled—and the plaintiff joined issue on the foregoing pleas. The defendant also pleaded for "further answer to the plaintiff's complaint, that at the commencement of this suit, the plaintiff was not the owner of the note described in the said complaint, as the plaintiff's cause of action." To this plea the plaintiff demurred, on the ground that "the plea putting in issue the ownership of the note sued upon, is not verified as required by law." The demurrer was overruled, and the plaintiff joined issue.

On the trial, the plaintiff read in evidence the note upon which the suit was brought.

The defendant then introduced as evidence the record of a suit instituted by W. T. Yeatman against Benjamin Mattison, to which the said George F. Mattison became a party as the administrator of the said Benjamin Mattison, deceased. The suit was begun to recover damages for the breach of a bond for a title to certain real estate therein described, which had been executed to W. T. Yeatman by the said Benjamin Mattison, on the 17th day of April, 1851. To the introduction of the record of this suit the plaintiff objected, but the objection was overruled, and the plaintiff excepted.

The defendant also offered in evidence an agreement for arbitration of the matters in litigation, which was as follows:

"State of Alabama, Calhoun County. W. T. Yeatman v. Benjamin Mattison. The plaintiff and defendant in this case have agreed to submit the matter in controversy to an arbitration, having selected Dr. C. S. Williams, William Harrison and A. H. Ross, as arbitrators, the plaintiff claims that some time in April, 1852, Benjamin Mattison gave him a bond for titles in the sum of one thousand dollars, conditioned to make him a good title to west half of section thirty-one, township sixteen, range eight, east, Coosa land district; he further claims that during that summer, say 1852, he paid said purchase-money and demanded titles from said Benjamin Mattison, which was refused, as east half of said half section, for which said failure the plaintiff claims the value of said quarter section of land at the market value of the same at that date, with interest thereon. G. F. Mattison, administrator of B. Mattison, deceased, claims that said W. T. Yeatman has had peaceable possession of said land to date; the defendant further claims that said W. T. Yeatman has never paid any

[Yeatman v. Mattison.]

money on said quarter section of land in controversy; the said land was given to Emily Yeatman and her lawful heirs by her father, Benjamin Mattison.    This 18th February, 1870.

"W. T. YEATMAN,

"G. F. MATTISON,

Adm'r of Benjamin Mattison.

The execution of this instrument was properly proven. To its introduction the plaintiff objected; the objection was disallowed, and the plaintiff excepted.    The defendant also offered in evidence the following award:

"The State of Alabama, Calhoun county.    18 Feb. 1870. We, the arbitrators in the above case of W. T. Yeatman v. G. F. Mattison, adm'r of the estate of Benjamin Mattison, dec'd, after hearing all the evidence and taking into consideration all the facts bearing on the case, make the following award: that said G. F. Mattison, adm'r of the estate of Benjamin Mattison, pay to said W. T. Yeatman, as damages in said case, seven hundred dollars and costs of suit.    In witness whereof, we hereunto set our hands and seals, day and date above written.

"S. C. WILLIAMS,  [Seal.]

"A. H. ROSS,       [Seal.]

"WM. HARRISON.  [Seal.]

"Filed in open court, this 5th day of April, 1870."

To the introduction of this award, the plaintiff objected, but the objection was overruled, and the plaintiff excepted. The defendant, G. F. Mattison, testified that the note sued on was given in part satisfaction of said award.    His attorney then asked him, if the said "Yeatman did not, in said arbitration, promise to dismiss the suit then pending in the Circuit Court against the witness?"    To this question the plaintiff objected, the court overruled the objection and the plaintiff excepted.    The witness answered that Yeatman, under the said agreement of arbitration and award, "was to dismiss the suit."    To this answer the plaintiff also excepted. The defendant's attorney asked the defendant, "if during the time of said settlement or arbitration W. T. Yeatman said anything about paying his (Yeatman's) attorneys their fees?" To this question the plaintiff objected; the objection was overruled and the plaintiff excepted.

The court, among other things, charged the jury, that if they believe from the evidence that W. T. Yeatman had refused or failed to dismiss the said suit of *W. T. Yeatman v. G. F. Mattison*, administrator, that being the condition upon which he, W. T. Yeatman, obtained said award, then they

[Yeatman v. Mattison.]

could not return a verdict for plaintiff in this cause." To this charge the plaintiff excepted.

M. J. TURNLEY, and CLOPTON, HERBERT & CHAMBERS, for appellant.—1. The court erred in overruling the demurrer to the four pleas. The Code requires a plea denying the ownership of such contracts when the foundation of a suit to be sworn to.—Revised Code, § 2640.

2. The record of the arbitration suit was, under the circumstances, irrelevant evidence, and should have been excluded when objected to. It did not tend to show any want of consideration; it really showed there was a consideration; so also of the arbitration and award. It is clear that the admission of the evidence of Mattison as to the agreement to dismiss the suit, was objectionable, because it contradicted the award. A judgment or award in writing can not be contradicted by the parties thereto.—33 Ala. 499; 29 Ala. 92; 1 Brick. Dig. 868, § 916.

3. The promise to dismiss and the promise to pay two hundred dollars—the giving of the note—are independent promises.—6 Ala. 699; 2 Ala. 320. The charge of the court assumed that upon parol evidence the jury were at liberty to find the note which is absolute on its face was conditional. This is an error.—21 Ala. 804–5.

JOHN T. HEFLIN, for appellee.

STONE, J.—When the award was rendered in the case of *W. T. Yeatman v. Mattison,* it settled and determined not only the matter of plaintiff's claim in that suit, but the costs incurred therein. The submission was regular, and the award responded to every material question embraced in the reference. It was, as to the matter submitted, as conclusive upon the parties, as a judgment of a court would have been, until assailed and set aside for one of the few grounds on which awards may be assailed.—See *Brewer v. Baine,* at the present term. There is nothing in this record which shows an attempt to set aside the award, or any ground for such attempt.

In the case of *Brewer v. Baine, supra,* we said: " It is obvious the question meeting us at the threshold of our consideration of the case, is the fact of submission and award; for if that fact is proved affirmatively, in the present state of the pleadings the award is a positive bar to the relief sought by the bill." The bill in that case, set forth no suf-

(26)

ficient ground for setting the award aside; and being pleaded in defence of the bill for an account and settlement of a partnership, we held it was an absolute bar.

The note sued on in the present case was given in part liquidation of the sum awarded to be due from Mattison to W. T. Yeatman. The main defence was, that Yeatman, at the time of the submission, agreed to dismiss his then pending suit, and had failed to do so. This is contradictory of the award itself, which found and adjudged that Mattison should pay the costs. Moreover, it was part of the submission that the award should be made the judgment of the court. It was equally the privilege and duty of Yeatman and Mattison to have the award made the judgment of the court; and if such had been the case, the result would have been a judgment in favor of Yeatman and against Mattison for seven hundred dollars, the amount of the award, and the costs of suit. This proof sought to vary the terms of the submission and the award by parol proof, which is not admissible.

W. T. Yeatman had the unquestioned right to make the note payable to Samuel Yeatman, and thus pay him that sum, or even give it to him, so far as anything in this record discloses. Mattison having thus made his note payable, it does not lie in his mouth to question this disposition of his indebtedness. Nor is Mattison the proper party to move in the matter of having this fund applied to the payment of Yeatman's attorneys' fees.

There is no merit in any part of the defence attempted in this case.

Reversed and remanded.