# Gardner r. Newman.

*Action on Common Counts.*

1. *Arbitration: effect of award.*—An award, made pursuant to an agreement of submission to arbitration, is final and conclusive, unless the arbitrators were guilty of fraud, partiality or corruption in making it, and may be pleaded in bar or a subsequent suit founded on the same claim or demand; and this, whether the arbitration be under the statute or at common law.

2. *Arbitration at common law; oral agreement; swearing of arbitrators.*—At common law an agreement for arbitration may be oral and general in terms, and the arbitrators need not be sworn unless there is an agreement to that effect.

3. *Arbitration and award; sufficiency of pleas.*—Pleas, which show an agreement between the parties to submit their matters in dispute to arbitration, and that the arbitration was had and an award made, present a sufficient bar to an action on a claim included in the arbitration, without an allegation that the agreement was in writing, or that the arbitrators were sworn.

4. *Arbitration; fraud and corruption; refusal of arbitrators to be sworn.*—The refusal of arbitrators to be sworn does not amount to fraud or corruption such as will avoid the award.

5. *Arbitration; partiality; right of party to be heard by counsel.* The denial to a party of the privilege of being represented by counsel before the arbitrators does not show partiality on their part, in the absence of a showing that this privilege was granted to his opponent.

APPEAL from the Circuit Court of Blount. Tried before the Hon. A. H. ALSTON.

Action by W. L. Newman against H. M. Gardner on the common counts. The opinion sufficiently shows the averments of the pleas and replications. From a judgment for plaintiff the defendant appeals.

ARTHUR L. BROWN, for appellant.—Every reasonable presumption will be made for the purpose of upholding the validity of an award, so as to give it effect and accomplish the ends of justice.—*Wood v. Trevelin*, 74 Wis. 557; *Bancroft v. Grover*, 23 Wis. 463; *Crook v. Chambers*, 40 Ala. 239.

The submission was sufficiently definite as to the matters to be decided.—*Tuscaloosa Bridge Co. v. Jemison*, 33 Ala. 476; *King v. Jemison*, 33 Ala. 499; *Crook v. Chambers*, 40 Ala. 239; *Elrod v. Simmons*, 40 Ala. 274.

When under a submission, general in its terms, the parties apear before the arbitrators and submit proof as to the matters wherein they differ, and an award is made therein, such proceedings render the submission certain and definite as to the matters submitted.—*Edmundson v. Wilson*, 108 Ala. 118; *Payne v. Crawford*, 97 Ala. 604.

All arbitrators have discretionary powers to decline hearing counsel of the parties.—1 Am. & Eng. Ency. Law (1st ed.), 683.

At common law it is not necessary that the arbitrators be sworn, unless specially requested by the submission.—1 Am. & Eng. Ency. Law (1st ed.), 674; *Howard v. Sexton*, 4 Comstock, 157; *Sloan v. Smith*, 3 Cal. 506; *Forqueron v. VanMeter*, 9 Ind. 207; *Willingham v. Harrell*, 36 Ala. 583.

The statute does not abrogate common law arbitrations.—Code, § 523; *Brewer v. Bain*, 60 Ala. 153; *Payne v. Crawford*, 97 Ala. 604.

At common law a submission to arbitration did not have to be in writing.—*Ehrman v. Stanfield*, 80 Ala. 118; *Byrd v. Odem*, 9 Ala. 755.

The award is final and conclusive and has the force and effect of a judgment.—1 Am. & Eng. Ency. Law, 711; *Burrus v. Meadows*, 90 Ala. 140; *Brewer v. Bain*, 60

[Gardner v. Newman.]

Ala. 153; *Yeatman v. Mattison,* 59 Ala. 382; *McRae v. Buck,* 2 Stew. & Port. 155; *Willingham v. Harrell,* 36 Ala. 583; *Reynolds v. Roebuck,* 37 Ala. 408.

It was not necessary that the arbitrators be governed by law. All that was necessary was that they decide the questions fairly according to their judgment.—*Goddard v. King,* 40 Minn. 164; *Davis v. Henry,* 121 Mass. 150; *Elliott v. Coffin,* 106 Mass. 365; *Carter v. Carter,* 109 Mass. 306.

EMERY C. HALL and F. E. ST. JOHN, *contra.*—An award, whether at common law or under the statute, may be impeached for fraud, corruption or impartiality on the part of the arbitrators.—*Wolf v. Shelton,* 51 Ala. 425; *Tuscaloosa Bridge Co. v. Jemison,* 33 Ala. 476; *Graham v. Woodall,* 86 Ala. 313; *Roseman v. Legg,* 82 Ala. 568; *Ehrman v. Stanfield,* 80 Ala. 118; *Burns v. Hendrix,* 54 Ala. 78.

DOWDELL, J.—When parties submit matters in controversy to arbitration, and an award is made pursuant to the agreement of submission, such award is final, unless the arbitrators are guilty of fraud, partiality, or corruption in making it. And like a judgment or decree of a court, it may be pleaded in bar of a subsequent suit founded on the same claim or demand.—*Burrus v. Meadows,* 90 Ala. 140; *Brewer v. Bain,* 60 Ala. 153; *Yeatman v. Mattison,* 59 Ala. 382; *Reynolds v. Roebuck,* 37 Ala. 408; *Willingham v. Harrell,* 36 Ala. 583; *McRae v. Buck,* 2 Stew. & Port. 155. And this is true whether the award is made on arbitration had under the statute or at common law. The award is conclusive, and like a judgment operates by way of estoppel on the parties. 1 Am. & Eng. Ency. Law (1st ed.), 711; *Burrus v. Meadows, supra.*

The 1st, 2d, 5th and 6th pleas to the complaint, set up an arbitration and award between the parties. These pleas were demurred to, the grounds being, 1st, "that said pleas do not allege or show that the alleged arbitrators, before making their said alleged award, were sworn im-

partially to determine the matters submitted to them, according to the evidence and the manifest justice and equity of the case to the best of their judgment, without favor or affection;" 2d, "said pleas do not allege or show that the matters in dispute between them was concisely stated in writing, and signed by them, in the alleged submission for arbitration;" 3d, "said pleas do not allege or set up such a submission to arbitration and such an award by arbitrators as is substantially a compliance with statutory requirements." It is evident from the grounds of demurrer that the plaintiff construed the defendant's pleas as an effort to set up a statutory arbitration and award. The pleas were by no means an attempt on the part of the defendant to have the award made the judgment of the court under the statute; they were intended merely to set up an arbitration and award as a bar to plaintiff's suit, and, to do this, it was not necessary to aver all of the requirements of a statutory arbitration and award, since a common law arbitration and award is as effectual as a defense, as the statutory arbitration. The first plea averred that the submission was in writing and designed by the parties, and set forth a copy of the agreement signed by the parties; the second, fifth and sixth pleas averred the agreement to submit their matters in dispute to arbitration, without averring that such agreement was in writing, and also averred that the arbitration was had and that an award was made. It is manifest that the pleader did not attempt or intend to set up a statutory arbitration under the second, fifth, and sixth pleas, and we need not determine whether in the first plea, it was necessary to have averred that the arbitrators were sworn to show a statutory arbitration, since that question is wholly unimportant here. For conceding that the averments were insufficient to show a statutory arbitration, we think there can be no doubt of their sufficiency as showing a common law arbitration. At common law an agreement or submission may be oral, and in its terms may be general, and the arbitrators need not be sworn, unless it is stipulated in the agreement to ar-

bitrate that such oath shall be administered.—3 Cyc. pp. 60, 622, and notes. The pleas were not open to the several grounds of demurrer assigned, and the court erred in sustaining the demurrer. The assignment of error as to the ruling on the demurrer to the 3d plea is not insisted on.

After demurrer being sustained to the pleas named, the defendant filed a 7th plea setting up in bar of plaintiff's suit the matter of arbitration and award, but more fully and in conformity with the ruling of the court on the demurrers. To this plea the plaintiff filed a special replication. By this replication the plaintiff sought to impeach the award on the ground that the arbitrators were guilty of fraud, partiality, or corruption in making it. The averments in the replication are: "Said arbitrators were guilty of fraud, partiality, or corruption in making said award, in this, that they were not sworn and would not be sworn, and refused to him the right to appear and be heard on said arbitration by counsel or attorney; that he employed him an attorney to represent him before said arbitrators and had his attorney present at the time said arbitration was had, and said arbitrators refused to let his attorneys represent him on said arbitration or appear before them in behalf, which was in violation of his right under the constitution of the State of Alabama, as guaranteed in section 11, of the declaration of rights." Conceding the facts averred in the replication, and they fall far short of showing fraud or corruption on the part of the arbitrators. It cannot be affirmed as matter of law that a refusal to be sworn constituted fraud, or amounted to corruption. Nor was the denial to the plaintiff the right to be represented by counsel, fraud or corruption. And going into the arbitration after the refusal by the arbitrators to be sworn or to admit counsel, amounted to a waiver of objection by the plaintiff. Neither does the averment in the replication, that the plaintiff was denied the right to be represented by his attorney on the arbitration, show that the arbitrators were guilty of partiality. It is not averred that this privilege was granted

to the defendant and denied to the plaintiff. Construing the pleading against the pleader, as the rule requires, it cannot be inferred that the defendant was permitted to be represented by counsel, or that he was in fact represented by counsel. The facts as stated are not enough to show partiality. The demurrer to the replication we think was well taken, and should have been sustained.

What we have said with reference to the rulings on the pleadings renders it unnecessary to consider other assignments of error predicated upon exceptions to the charges given and refused by the court.

For the errors pointed out, the judgment will be reversed and the cause remanded.