155 So. 533

**GLENS FALLS INS. CO. OF NEW YORK**
**v. GARNER et al.**

6 Div. 485.

Supreme Court of Alabama.

June 7, 1934.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

40

Foster, Rice & Foster and J. G. Madison, all of Tuscaloosa,. for appellees.

KNIGHT, Justice.

Bill by Glens Falls Insurance Company of New York against Tom M. Garner and Tom Norwood to vacate and annul an award of arbitrators selected by the parties, under a written agreement to appraise and ascertain the sound value of the property and loss of the insured, occasioned by the destruction by fire of a certain building owned by the appellee Tom M. Garner, and which was covered by a policy of fire insurance issued by appellant.

The bill charges that the award was procured, had and returned through accident and mistake, misconduct, bad faith and partiality on the part of the appraiser for the insured and the umpire, and, further, that the award was invalid for the reason that it was not rendered in accordance with the provisions of the policy, or with the terms of the written agreement for appraisal, and that the award was grossly excessive.

In another aspect the bill proceeded on the theory that the appraiser for the insured was not a competent and disinterested appraiser as contemplated by the policy contract and the law applicable in such cases; that the insured did not act in good faith in the selection and appointment of its appraiser, Reuben H. Wright, in that said Wright was a member of a law firm which the insured had consulted about his loss and also with reference to his claim against the appellant.

The respondents, in their answer, denied each of the allegations of the bill, which charge that the award was procured through accident and mistake, or was the product of misconduct, bad faith, or partiality on the part of the insured's appraiser and the umpire selected by the parties. They denied specifically and expressly that the said Reuben H. Wright was not a competent and disinterested appraiser, or that the assured had consulted with him about the loss and his claim against the appellant, and denied further that the respondents had consulted with a firm of lawyers, of which said Wright was a member, with reference to said matters. To the contrary, respondents affirmed the validity, legality, and regularity of said award.

In its original bill, the complainant submitted itself to the jurisdiction of the court, and offered to pay to the assured and the mortgagee, Tom Norwood, any sum under said policy of insurance, on account of said loss, which the court might ascertain and determine to be due to the respondents; that, if the award should be held to be null and void, then that the court should proceed to ascertain and determine the amount of the sound value of said property and the loss and damage thereto and the liability of the complainant to the respondents.

The evidence in the cause was given ore tenus in open court before the judge trying the cause.

On submission, the court rendered a decree holding that the complainant had not met the burden of proof in the case; that the award made and returned in the cause was valid, legal, and binding; "that the award described in the bill of complaint, which was returned and made by R. H. Wright and George A. Swim on the 27th day of January, 1933, in the amount of $2,398.70 was not procured, had, obtained or returned through fraud, corruption, accident, mistake, misconduct, partiality or bad faith, and that said award is a valid, legal and binding award."

It would serve no useful purpose to extend this opinion by any lengthy review of the evidence, but we have read and considered it all, and are in full accord in the main with the trial judge as to his conclusions thereon.

It may be stated broadly that, when parties submit their matters in controversy to arbitration, and an award is made pursuant to the agreement of submission, such award is final, unless the arbitrators are guilty of fraud, partiality, or corruption in making it. It partakes of the nature of a judgment or decree of a competent court, and may be pleaded in bar of a subsequent suit founded on the same claim or demand. And this is the rule whether the award is made on arbitration had under the statute (Code 1923, § 6156 et seq.) or at common law. Gardner v. Newman, 135 Ala. 522, 33 So. 179; Burrus v. Meadors, 90 Ala. 140, 7 So. 469; Brewer v. Bain, 60 Ala. 153; Yeatman v. Mattison, 59 Ala. 382; Reynolds v. Roebuck, 37 Ala. 408; Willingham v. Harrell, 36 Ala. 583; McRae v. Buck, 2 Stew. & P. 155; Rhodes v. Folmar, 208 Ala. 595, 94 So. 745.

After an award has been made, "the proceedings import a legal obligation to abide by it as in the nature of a judgment, if such award is in proper form, and conforms to the submission, and in the absence of some matter impeaching its effect, pursuant to well known principles." Smith-Schultz-Hodo

Realty Co. v. Henley-Spurgeon Realty Co., 224 Ala. 331, 140 So. 443, 444.

It is earnestly insisted that Mr. Wright was the attorney for the insured in prior matters; that he was the one who, after the award was made, prepared the insured's proof of loss, and was, for a number of reasons pressed upon our attention, not an impartial appraiser; that his firm had been consulted by the insured with reference to the claim; and that he was not a contractor or sufficiently acquainted with the matters submitted to arbitration as to make him a competent appraiser.

The evidence does show that Mr. Wright was an attorney at law, but it wholly fails to show that he had been consulted, or advised with, by the insured at any time prior to the making of the award; nor does the evidence sustain complainant's charge that Mr. Wright's law firm had been engaged or advised with concerning the insured's demand against the complainant in such way as to disqualify him. This feature of the bill is wholly unsustained by the evidence, and the lower court by its decree so determined.

It is next insisted that Mr. Wright was a partisan of the insured throughout the case. It may be true that he did take a rather positive stand in the meeting of the appraisers, when the question of the appraisement was up for consideration, but we cannot affirm that he was any more insistent on his figures than was the complainant's appraiser.

■ The fact that Mr. Wright was an attorney and not a contractor or architect did not render him any the less competent to act as an appraiser. The testimony shows that he had ample opportunity in the past to form proper and safe judgment of the cost of building such houses as the one in question in this case. In our opinion he was competent, and the policy contract did not limit the selection of appraisers to contractors or architects. Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 143 So. 465.

The award in the case was made and signed by Mr. Wright and Mr. Swim; the latter having been selected as umpire in accordance with the agreement of submission to arbitration, the appraiser selected by the complainant having declined to assent to the award.

■ The award, as made, responded in terms to the form required by the agreement for arbitration, and the fact that one appraiser refused or failed to join in the same, cannot serve to make it any the less binding upon the parties. Union Marine Ins. Co. v. Charlie's Transfer Co., 186 Ala. 443, 65 So. 78.

■ The evidence shows that in the matter of the adjustment of the loss under the policy contract, as well as in the submission to arbitration to ascertain and determine the sound value and the amount of the loss, William E. Bishop & Co., acting by William E. Bishop, was the adjuster and agent of the complainant; that the said William E. Bishop had notice or knowledge of the meeting of the appraisers, but did not appear, although he had such notice in ample time to have attended the meeting. It thus appears that the complainant must be held to have had notice of the meeting of the appraisers, and cannot be heard to say that it was not given opportunity to present the facts to the appraisers before they made their award. Brewer v. Bain, supra.

It is also insisted that the trial court erred in holding that the said George A. Swim was a competent and disinterested umpire.

The evidence not only wholly fails to support the appellant's insistence that Swim was not a competent and disinterested umpire, but, to the contrary, shows that he was fully competent and absolutely without interest in the matter. And we may here state that, if Swim was incompetent, or not disinterested, the fault in his selection lies at the door of the complainant, for the evidence shows, without dispute, that complainant's appraiser declined to accept any person suggested for umpire by the respondents, and that Swim was suggested by, and agreed upon at the instance of, complainant's appraiser. The insured did not know Swim, and had never seen him prior to his selection.

Of course the fact that Swim was suggested by complainant would not of itself preclude the complainant from setting up the partiality, if such there was, on the part of Swim, if complainant was imposed upon in any way by the respondents in making the recommendation, or if Swim was guilty of fraud, undue partiality, or corruption in making the award.

■ We do not feel that it is necessary to further consider the other contentions here made against the validity of the award. We concur with the trial judge that the evidence does not sustain the allegations of the bill. But were we to concede that, for any reason urged, the award was not valid and legal, it would not avail to a reversal of the cause. The evidence fairly considered leaves it clear

to our mind that the sound value of the property destroyed, at the time of its destruction, was not overstated by the appraisers. Sound value of anything is its worth, in dollars and cents, its actual cash value, in an undamaged condition. "Actual cash value" means, and can only mean, what the thing is worth in money, allowing for depreciation. Patriotic Order Sons of America, etc., Ass'n v. Hartford Fire Ins. Co., 305 Pa. 107, 157 A. 259, 78 A. L. R. 899; Continental Ins. Co. v. Garrett (C. C. A.) 125 F. 589, 591; Mason v. Fire Ass'n of Phila., 23 S. D. 431, 122 N. W. 423; William H. Low Estate Co. v. Lederer Realty Corporation, 35 R. I. 352, 86 A. 881, Ann. Cas. 1916A, 341; Eberhardt v. Federal Ins. Co., 14 Ga. App. 340, 80 S. E. 856.

We are also of the opinion that the loss upon the property destroyed was equally as much as found by the appraisers. The policy, under the three-fourths clause, fully covered this loss. So, whether the validity of the award was sustained or not, the recovery fixed and allowed by the court was right, and the decree will not be disturbed.

The decree of the circuit court is affirmed. Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.