PITTMAN, Judge.
 

 Herring-Malbis I, LLC; Eastern Shore Centre I, LLC; and Eastern Shore Centre II, LLC (collectively “Herring-Malbis”) appeal from an order of the Baldwin Circuit Court awarding an attorney fee to TEMCO, Inc. (“TEMCO”), pursuant to Ala.Code 1975, § 8-29-1 et seq., usually referred to as the Prompt Payment Act.
 
 [1]
 
 We reverse the trial court’s order awarding an attorney fee to TEMCO.
 

 TEMCO sued Herring-Malbis in May 2006, alleging that TEMCO was owed money “pursuant to the terms and conditions of’ contract documents signed by the parties, which included a construction contract and a standard American Institute of Architects contract, titled “AIA Document A201 — 1997” (“the AIA contract”), that was incorporated into the parties’ agreement by reference in the construction contract. TEMCO’s original complaint sought damages in the amount of $486,303 plus interest and costs under several alternative theories of relief, including breach of contract, open account, account stated, work and labor done, and enforcement of mechanic’s lien. Herring-Malbis moved for an order compelling alternative dispute resolution under the terms of the AIA contract, and the motion was granted by the circuit court. The circuit court, referring to TEMCO’s original complaint, ordered that “said claims are due to be referred to alternative dispute resolution.”
 

 Pursuant to the AIA contract, the parties first attempted to resolve their dispute
 
 *162
 
 through mediation, and when that failed, they arbitrated their dispute through the American Arbitration Association. The arbitration hearing was held on February 19 and 20, 2008. Six days before the commencement of the hearing, on February 13, 2008, TEMCO filed in the circuit court a motion to amend its original complaint. The motion averred that the purposes of amending the complaint were to incorporate “all of the claims and ... [d]e-fendant[s] which have been included in the mediation and arbitration process heretofore and which will be presented to the Arbitrator at the forthcoming arbitration hearing” and “to add a claim under the Prompt Payment Act ... for reasonable attorneys’ fees and expenses pursuant to said statute.” The motion further posited that the Prompt Payment Act claim “in no way affects the issues to be presented to the Arbitrator but[ ] rather is a matter to be presented to [the circuit cjourt in the event that the Arbitrator enters an award in favor of TEMCO.” No action was taken on the motion prior to the arbitration hearing.
 

 In accordance with procedural rules of the American Arbitration Association, TEMCO then presented a demand letter, and Herring-Malbis presented an answering statement and counterclaim, to the arbitrator. In its demand letter, TEMCO itemized its claims for relief and included a request for accumulated interest, but it omitted mention of any claim for an award of an attorney fee and any mention of particular theories of relief, including any right to relief under the Prompt Payment Act. The demand letter did specify that TEMCO’s principal claim was that it was due relief under the construction contract.
 

 After the hearing, the arbitrator rendered a decision that TEMCO was owed most of what it claimed.
 
 [2]
 
 The arbitrator also specified that each party would be responsible for its own attorney fees. The arbitration-award letter concluded by stating that “[a]ll claims not expressly granted herein are hereby[] denied,” thereby denying TEMCO its request for an award of accumulated interest on any of its claims. TEMCO and Herring-Malbis then filed briefs concerning whether the arbitrator’s award should be modified by deleting the reference to attorney fees and by awarding TEMCO the accumulated interest it sought. No changes to the award were made by the arbitrator. Herring-Malbis timely tendered payment to TEMCO in satisfaction of the arbitration award.
 

 Then, in April 2008, after the arbitration hearing had been held, Herring-Malbis filed in the circuit court a response in opposition to TEMCO’s February 13 motion to amend its original complaint. The circuit court granted TEMCO’s motion to amend and overruled Herring-Malbis’s objections. TEMCO then filed its amended complaint in May 2008, after which Herring-Malbis moved to dismiss that com
 
 *163
 
 plaint. The circuit court denied the latter motion, and, following a stipulation by the parties as to the amount of a reasonable attorney fee and a further agreement of the parties to allow the circuit court to rule on the matter -without a hearing, the circuit court entered an order awarding the stipulated attorney fee to TEMCO, “pursuant to the Prompt Payment Act,” in November 2008.
 

 The amended complaint ultimately filed by TEMCO did not assert a separate claim requesting only attorney fees, pursuant to the Prompt Payment Act, in the manner that its motion to amend had suggested TEMCO had intended to do and in the manner that the circuit court’s order of November 2008 had purported to award. Rather, TEMCO asserted the Prompt Payment Act as another alternative legal theory under which TEMCO sought complete relief. Under Count 10 of the amended complaint, TEMCO incorporated the remainder of the complaint and demanded relief as to all of its claims against all defendants, which then totaled $561,412.70, specifically including interest, costs, expenses, and attorney fees.
 

 In this case, the standard of appellate review is de novo. First, the pertinent facts are undisputed,
 
 see, e.g., Reynolds v. Colonial Bank,
 
 874 So.2d 497, 501-02 (Ala.2003) (citing cases). Further, the circuit court received no testimony; instead, it based its judgment on pleadings, exhibits, briefs, and the stipulation of the parties,
 
 see, e.g., Tate v. Kennedy,
 
 578 So.2d 1079, 1081 (Ala.1991).
 

 At the outset of our analysis, we note that one pertinent issue — the nature and substance of the issues actually litigated before, and submitted to, the arbitrator for decision — is not readily amenable to appellate review because the appellate record contains no transcript of the two-day arbitration hearing nor any other evidence of what transpired at that hearing, and the circuit court did not review any such evidence. The demand letter written by TEMCO as a formality required by American Arbitration Association rules in order to initiate the arbitration process did not mention attorney fees or the Prompt Payment Act, but that omission does not conclusively establish that neither matter was discussed at the hearing. TEMCO asserts in its appellate brief that neither matter was discussed at the arbitration hearing, but its statements in its brief are not evidence that may be considered on appeal.
 
 R.P. Indus., Inc. v. S & M Equip. Co.,
 
 896 So.2d 460, 468 (Ala.2004) (citing
 
 Cooper v. Adams,
 
 295 Ala. 58, 61, 322 So.2d 706, 708 (1975)).
 

 Having noted the limitations of the appellate record, we turn to general principles of applicable law. Because arbitration is largely a matter of contract, the arbitrability of a particular dispute, such as a party’s entitlement to an attorney-fee award, is determined by the parties’ agreement as well as by the scope of the issues expressly submitted to the arbitrator.
 
 See Ex parte Messer,
 
 797 So.2d 1079, 1084-85 (Ala.2001);
 
 Lee L. Saad Constr. Co. v. DPF Architects, P.C.,
 
 851 So.2d 507, 517-18 (Ala.2002).
 
 [3]
 
 At issue here is a predis-
 
 *164
 
 pute arbitration agreement. As to contracts involving interstate commerce, the Federal Arbitration Act (“FAA”), 9 U.S.C. § 1 et seq., preempts conflicting Alabama law, in particular Ala.Code 1975, § 8-1-41(3), thereby making predispute arbitration agreements in such contracts specifically enforceable.
 
 See, e.g., McKay Bldg. Co. v. Juliano,
 
 949 So.2d 882, 884-85 (Ala.2006);
 
 Ex parte Messer,
 
 797 So.2d at 1082. At the same time, the FAA does not preempt state law in areas where Alabama law does not conflict with the FAA.
 
 See Volt Info. Sci., Inc. v. Board of Trs. of Leland Stanford Junior Univ.,
 
 489 U.S. 468, 477-78, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). In this case, the circuit court determined, and TEMCO does not dispute, that the underlying transaction between the parties involved interstate commerce.
 

 Arbitrators have authority over a dispute before them that is essentially identical to the authority of a trial court to render a binding and conclusive judgment. For purposes of claim and issue preclusion, for example, the Alabama Supreme Court has held that “an arbitration award ‘partakes of the nature of a judgment or decree of a competent court, and may be pleaded in bar of a subsequent suit founded on the same [cause of action].’ ”
 
 Old Republic Ins. Co. v. Lanier,
 
 790 So.2d 922, 928 (Ala.2000) (quoting
 
 Glens Falls Ins. Co. of New York v. Garner,
 
 229 Ala. 39, 41, 155 So. 533, 534 (1934)). Further, Ala. Code 1975, § 6-6-14, provides:
 

 “An award made substantially in compliance with the provisions of this division is conclusive between the parties thereto and their privies as to the matter submitted and cannot be inquired into or impeached for want of form or for irregularity if the award determines the matter or controversy submitted, and such award is final, unless the arbitrators are guilty of fraud, partiality, or corruption in making it.”
 

 When returned to an Alabama circuit court of competent jurisdiction, an arbitration award has “the force and effect of a judgment,” Ala.Code 1975, § 6-6-12, and becomes a judgment “upon which execution may issue as in other cases,”
 
 Moss v. Upchurch,
 
 278 Ala. 615, 618, 179 So.2d 741, 743 (1965) (quoting Ala.Code 1940 (Re-comp.1958), tit. 7, § 834, the previous codification of § 6-6-12).
 

 Ordinary state-law principles of contract interpretation apply in determining the scope and effect of an arbitration agreement.
 
 Messer,
 
 797 So.2d at 1082. The AIA contract incorporated into the parties’ agreement provides that “any claim arising out of or related to the contract” shall be submitted first to mediation, and in the event mediation fails to resolve the dispute, as occurred here, the claim is to be submitted to arbitration. Where the contract defines “claim,” it includes in that definition “other disputes and matters in question between [Herring-Malbis] and [TEMCO] arising out of or relating to the Contract,” a sweepingly broad clause. “When parties include such a broad arbitration clause, they intend the clause to reach all aspects of the relationship.”
 
 Valentine Sugars, Inc. v. Donau Corp.,
 
 981 F.2d 210, 213 n. 2 (5th Cir.1993). To like effect is the Alabama Supreme Court’s holding that arbitration clauses including the language “arising out of
 
 or relating to”
 
 (emphasis added) that appears in the AIA contract have broader application than arbitration clauses that omit “or relating to.”
 
 Reynolds & Reynolds Co. v. King Autos., Inc.,
 
 689 So.2d 1, 2-3 (Ala.1996). The AIA contract further states that the party seeking relief in arbitration “must assert in the demand all Claims then known to that party on which arbitration is permitted to be demanded.”
 
 *165
 
 Finally, the AIA contract further provides that arbitration -will proceed under the Construction Industry Arbitration Rules of the American Arbitration Association, of which Rule 44(d) provides that “the award of the arbitrator may include ... an award of attorneys’ fees if all parties have requested sueh an award or it is authorized by law or their arbitration agreement.”
 
 [4]
 

 We hold that TEMCO was required by the arbitration agreement, and by law, to submit its Prompt Payment Act claim, including the request for an award of an attorney fee, to the arbitrator. Hence, if, as TEMCO claims, the parties did
 
 not
 
 submit the issue to the arbitrator, whether the arbitrator in fact made a determination concerning TEMCO’s right to an attorney-fee award is immaterial.
 
 [5]
 
 In TEMCO’s amended complaint, the Prompt Payment Act was asserted as an additional alternative theory under which TEMCO demanded complete relief. Hence, the entire Prompt Payment Act claim, including the request for an award of an attorney fee, was within the ambit of the contract documents’ definition of “claim,” quoted above, and TEMCO was required to submit its Prompt Payment Act claim to the arbitrator, on pain of waiver, in light of the contractual provision stating that parties demanding arbitration “must assert in the demand all Claims then known to that party on which arbitration is permitted to be demanded.” Because TEMCO indicated its intent to assert the Prompt Payment Act claim in its motion to amend its complaint, filed in the circuit court six days before the arbitration hearing, that claim certainly was “known to” TEMCO at the time of the arbitration hearing.
 

 The Prompt Payment Act claim also was a claim “on which arbitration is permitted to be demanded,” contrary to TEMCO’s assertions (a) that the contract documents provided no legal basis for requesting an award of an attorney fee and (b) that the Prompt Payment Act provided TEMCO’s only legal basis for seeking such an award. For a particular claim or grievance to be excluded from arbitration, the parties must expressly exclude such claim in the arbitration agreement.
 
 R.P. Indus.,
 
 896 So.2d at 465 (citing
 
 H.L. Fuller Constr. Co. v. Industrial Dev. Bd. of Vincent,
 
 590 So.2d 218, 223 (Ala.1991)). TEMCO argues that the AIA contract does not allow the recovery of attorney fees, but it cites as support for this assertion provisions in the AIA contract such as paragraph 3.18.1, under which TEMCO had agreed not to pursue attorney fees related to a claim “provided that such claim ... is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of [TEMCO].” That provision, as well as other provisions TEMCO cites, are inapplicable to this case, which concerns contractual disputes and not claims of bodily injury or property damage. Further, the AIA contract provides at paragraph 13.4.1 that “[d]uties and obligations im
 
 *166
 
 posed by the Contract Document and rights and remedies available thereunder shall be in addition to and not a limitation of duties, obligations, rights and remedies otherwise imposed or available by law.”
 

 We also note that contractual arbitration terms are, in effect, nothing more than agreements to submit substantive controversies to a particular forum; they do not affect the substantive rights of parties, even when those rights are provided by statute.
 
 See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,
 
 473 U.S. 614, 627, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985);
 
 Cunningham v. Fleetwood Homes of Georgia,
 
 253 F.3d 611, 617 (11th Cir.2001); and
 
 Patriot Mfg., Inc. v. Jackson,
 
 929 So.2d 997, 1004 (Ala.2005). TEMCO had the same legal basis for submitting the question of an attorney fee to the arbitrator that it claims to have had for submitting that question to the circuit court.
 

 Being contractually required to assert in arbitration “all claims,” and in order to avoid preclusion of claims not asserted, TEMCO was required to bring all legal theories of relief supported by the “same nucleus of operative facts” to the arbitrator; otherwise, those claims would be barred from prosecution by TEMCO in a separate action.
 
 Old Republic,
 
 790 So.2d at 928. Under Alabama law, the doctrine of res judicata applies to arbitration awards just as it applies to judgments of courts.
 
 Id.
 
 The elements of res judicata are “(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and .(4) with the same cause of action presented in both actions.”
 
 Equity Res. Mgmt., Inc. v. Vinson,
 
 723 So.2d 634, 636 (Ala.1998). A party is barred from relitigating any claims that were, or that “could have been,” brought in the earlier action.
 
 Id.
 
 (citing
 
 Dairyland Ins. Co. v. Jackson,
 
 566 So.2d 723, 725-26 (Ala.1990)).
 

 As to those elements, it is clear that the arbitrator’s award constitutes a prior decision on the merits, because the arbitrator provided specific findings, along with underlying bases for those findings, as to liability and the monetary amounts awarded on each substantive claim TEM-CO had presented in its demand for arbitration, and the arbitrator further specified that any relief not expressly granted was denied. It is equally clear that the parties to the arbitration and to the subsequent circuit-court proceeding were identical.
 

 The fourth element of res judicata, “the same cause of action,” is met in this case, as we have already suggested. The established tests used to determine whether different claims present the same cause of action — whether the primary right and duty or wrong are the same, whether various theories arise from the same nucleus of operative facts, and whether the same evidence supports all the separate actions,
 
 see Old Republic,
 
 790 So.2d at 928 — are satisfied by both of TEMCO’s complaints. In both the original complaint and the amended complaint, TEMCO stated its contended facts at the beginning, then listed each claim for relief separately in numbered counts, each of which incorporated the opening statement of facts, and then stated the requested relief under the legal theory. For example, in TEMCO’s amended complaint, Count 10, asserting a claim under the Prompt Payment Act, incorporated the statement of facts and requested a total of $541,567 plus interest, costs, expenses, and attorney fees.
 

 We further reject TEMCO’s argument to the effect that its motion to amend its original complaint, and the circuit court’s ruling, amount to, in effect, an “appeal” of the arbitrator’s judgment under the FAA even though pertinent FAA
 
 *167
 
 guidelines were not “strictly” followed. Although TEMCO is correct in noting that the substantive provisions of the FAA govern such issues as the enforceability of arbitration agreements, it is Ala.Code 1975, § 6-6-15, that governs the procedural requirements for appealing from an arbitrator’s decision in Alabama
 
 (see, e.g., Volt,
 
 489 U.S. at 476-77, 109 S.Ct. 1248;
 
 Doctor’s
 
 Assocs.,
 
 Inc. v. Casarotto,
 
 517 U.S. 681, 688, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996)), and TEMCO in its appellate brief essentially admits that it did not follow
 
 any
 
 statutory procedures governing appeals of arbitration awards. Further, the AJA contract signed by the parties provides at paragraph 13.1.1 that “[t]he Contract shall be governed by the law of the place where the Project is located,”
 
 ie.,
 
 Alabama.
 

 The pertinent provision in Alabama’s arbitration statute, § 6-6-15, “contemplates a party’s first seeking relief from an [arbitrator’s] award in the circuit court,”
 
 Horton Homes, Inc. v. Shaner,
 
 999 So.2d 462, 467 (Ala.2008). Filing a separate motion six days
 
 before
 
 the arbitration hearing in a clear attempt to split related claims is not the equivalent of seeking judicial review of an award, as TEMCO asserts, and in any event was barred by the parties’ contract documents, as explained above. Thus, and contrary to TEMCO’s assertions on appeal, the fact that the circuit court viewed and ruled on numerous motions and briefs by the parties, and in so doing considered the same issues the parties raise on appeal, in awarding an attorney fee to TEM-CO, is unavailing, because such facts do not transform improper motions into a proper appeal. The circuit court’s failure to recognize that TEMCO was required to bring its Prompt Payment Act claim before the arbitrator, as reflected in its disposition of this issue, was merely an error of law.
 

 The purposes and policies promoted by the doctrine of res judicata include the interests of both the public at large and the parties to a particular action in (a) finality of judgments, (b) reducing waste of private and judicial resources, and (c) avoiding inconsistent rulings.
 
 Hughes v. Martin,
 
 533 So.2d 188, 190 (Ala.1988). Similar results are achieved by the encouragement of arbitration in conformity to the FAA.
 
 See, e.g., Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 494 So.2d 1, 4 (Ala.1986);
 
 see also
 
 Ala.Code 1975, § 6-6-1. Permitting TEMCO to split its claims and to try them in independent proceedings would violate its agreement with Herring-Malbis, statutory and case authority, and public policy.
 

 TEMCO’s final argument asserts that the res judicata argument advanced by Herring-Malbis is barred by judicial estoppel because Herring-Malbis waited to respond to TEMCO’s motion to amend its original complaint until after the arbitration hearing and allegedly failed to itself raise the issue of attorney fees at the arbitration hearing. According to TEM-CO, those alleged omissions by Herring-Malbis amount to the “adoption” of a “position” that TEMCO’s motion to amend its complaint in the circuit court was a proper procedure by which TEMCO could seek relief under the Prompt Payment Act. Because TEMCO’s motion was submitted six days before the arbitration hearing, any deadline under the Rules of Civil Procedure pursuant to which Herring-Malbis would have been required to file a response to that motion would have occurred
 
 after
 
 the arbitration hearing; Herring-Malbis’s failure to respond sooner therefore did not, of necessity, amount to the assumption of a position that the circuit court could properly rule on the issue of attorney fees. Further, Herring-Malbis had no duty to raise any of TEMCO’s
 
 *168
 
 potential claims for relief before the arbitrator on TEMCO’s behalf. Because judicial estoppel requires first that a party
 
 assume a position
 
 in a legal proceeding,
 
 Carver v. Foster,
 
 928 So.2d 1017, 1027 (Ala.2005), and Herring-Malbis’s actions here did not amount to the assumption of a position that it later attempted to impeach, we reject this argument.
 

 Because the parties’ contract documents required TEMCO to bring its Prompt Payment Act claim before the arbitrator, we hold that TEMCO was barred under the doctrine of res judicata from later asserting that claim in the circuit court. Thus, we do not reach the merits of the other grounds asserted by Herring-Malbis.
 
 Black Warrior Riverkeeper, Inc. v. East Walker County Sewer Auth.,
 
 979 So.2d 69, 72 (Ala.Civ.App.2007).
 

 For the reasons explained above, we conclude that TEMCO, having had “an opportunity to litigate” the claim before the arbitrator, was- barred from thereafter asserting its Prompt Payment Act claim in the circuit court.
 
 See Saad,
 
 851 So.2d at 517. We therefore reverse the trial court’s award of an attorney fee, and we remand the cause to the trial court for the entry of a judgment conforming to the arbitration award.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 BRYAN and THOMAS, JJ., concur.
 

 THOMPSON, P.J., and MOORE, J., concur in the result, without writings.
 

 [1]
 

 . The official designation of this act is "The Deborah K. Miller Act," but Alabama courts use the name "Prompt Payment Act” frequently, and we use it in this opinion because it is the term used by the parties and the circuit court in this case.
 

 [2]
 

 . Specifically, in its demand letter TEMCO claimed that it was owed $486,303 plus accumulated interest on a retainage claim, $55,264.70 plus accumulated interest for work performed to meet Alabama Department of Environmental Management ("ADEM”) requirements and for TEMCO's payment of a fine levied by ADEM, and $19,845 plus accumulated interest for other fees paid to a third party by TEMCO on behalf of Herring-Malbis. The arbitrator, finding TEMCO 10-20% at fault for circumstances underlying the retain-age claim, awarded TEMCO 85% of that claim, and it awarded TEMCO the entire claim seeking $19,845. The arbitrator did not find in favor of TEMCO on its claim seeking $55,264.70, so the total amount of the arbitrator’s award in favor of TEMCO, apparently rounded down to the nearest dollar, was $433,202. Herring-Malbis's counterclaim was denied, and the arbitrator assessed the costs of the arbitration proceeding against Herring-Malbis.
 

 [3]
 

 . In its appellate brief, TEMCO cites
 
 Saad,
 
 851 So.2d at 517 ("an arbitrator’s jurisdiction is limited to the scope of the submission”), for the proposition that arbitrators lack authority to render judgment on attorney-fee issues when not specifically requested to do so by the parties, though TEMCO mentions earlier in the same passage that the arbitrator’s "jurisdiction” is determined also by the contract documents.
 
 Saad,
 
 moreover, continues in succeeding paragraphs to explain that whether the parties "agreed to submit” particular claims to arbitration requires an examination of the parties’ contract documents.
 
 Id.
 
 at 518.
 

 [4]
 

 . Although the Construction Industry Arbitration Rules of the American Arbitration Association do not appear in the record, we take judicial notice of them.
 
 Chris Myers Pontiac-GMC, Inc. v. Perot,
 
 991 So.2d 1281, 1284 (Ala.2008).
 

 [5]
 

 . Of course, if TEMCO’s position is factually incorrect, and the attorney-fee issue
 
 was
 
 submitted to the arbitrator — that is, if TEMCO "requested such an award" — during the hearing, then the arbitrator's disposition of the issue would itself be conclusive and authoritative, as Alabama statutes, Alabama cases, and the American Arbitration Association rules incorporated by the parties' agreement, all cited above, provide.